UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Curtis Sowells**, | ) C/A No. 0:06-3284-CMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Dillon County Detention Center;<br>Captain Johnny Sapp;<br>All Subordinates Correction Officers; and<br>Judge NFN Davis, | ) |
| Defendant(s). | ) |

This is a civil rights action filed *pro se* by a detainee at the Dillon County Detention Center. In his Complaint, Plaintiff claims that the conditions at the jail are unhygienic and overcrowded and that he has endured "pain and suffering" as a result of the poor conditions and his having to be housed in close proximity to other sick detainees. Additionally, Plaintiff complains that certain legal mail of his was opened by a corrections officer named "Flodge", and that this officer told him that he (the officer) could open legal mail whenever he wanted to. Finally, Plaintiff complains about the amount of his bond, and names the Dillon County judge who decided the amount of bail as a Defendant in this case. He seeks compensatory damages and declarative and injunctive relief

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).     *Pro se* complaints are held to a less stringent standard than those



drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

First, the Complaint is subject to summary dismissal as to all named Defendants insofar as it alleges unconstitutional conditions of confinement at the Dillon County Detention Center because none of the allegations contained in the Complaint have been asserted against or tied to any named Defendant. Although Plaintiff's allegations are serious, he completely fails to allege, within the body of his Complaint, how any of the named Defendants are involved in or responsible for the allegedly unconstitutional conditions of confinement to which he has been subjected. The Defendant Sapp is not mentioned anywhere in the Complaint except in the caption on the first page, nor Plaintiff does allege anywhere in the Complaint that Sapp or any other Defendant personally played any part in allowing the conditions at the detention center to deteriorate or that he (Plaintiff) reported the allegedly unconstitutional conditions to any named Defendant. Moreover, there are no allegations that any Defendant was aware of the allegedly unconstitutional activities of any individual employee(s) or official(s). Plaintiff has therefore failed to allege any "pervasive and unreasonable risk of harm from *some specified source . . .* " nor has he alleged that any Defendant's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],'"), as required to state a viable claim of supervisory liability in § 1983 cases.



2

*See* Slakan v. Porter, 737 F.2d 368, 370-75 (4th Cir. 1984); Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994).

Even though this Court is required to liberally construe *pro se* pleadings, it is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants;  *see*  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and where there are no allegations of responsibility specifically naming any Defendant, there is nothing for this Court to liberally construe.  Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which "fails to state a claim on which relief may be granted," and since there are no allegations of any wrongdoing in connection with Plaintiff's conditions of confinement on the part of any named Defendant, Plaintiff's Complaint fails to state a claim on which relief can be granted with regard to any Defendant.  *See* Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Furthermore, the Defendants Dillon County Detention Center and "All Subordinates Correction Officers" are not even proper party Defendants, because they are not "persons" who can be held liable for constitutional violations. In order to state a claim for damages under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).



3

deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well settled that inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions.  *See* Martin v. UConn Health Care, 2000 WL 303262, *1 (D. Conn., Feb 09, 2000); Ferguson v. Morgan, 1991 WL 115759 (S.D. N.Y. Jun 20, 1991). Accordingly, the Complaint is subject to summary dismissal insofar as it names the Dillon County Detention Center and "All Subordinate Corrections Officers" as party Defendants.

Additionally, the Complaint is also subject to summary dismissal insofar as it alleges a constitutional violation resulting from a correction officer's opening of Plaintiff's "legal" mail, as Plaintiff has named no Defendant who could be held responsible for such a violation.  The only person mentioned in connection with the mail-related allegations, "Flodge," is not named a Defendant in this case.  His/her name is not listed on the first page of the Complaint in the caption, nor is his/her name listed on the second page in the section of the complaint form specifically designated for a list of Defendants.  In the absence of a any potentially liable Defendant, the Complaint fails to state any viable § 1983 claim arising from the way Plaintiff's mail



4

has been handled, and it should be dismissed insofar as it seeks to raise such a claim.

Finally, the Complaint is frivolous and fails to state any viable § 1983 claim against the Defendant Judge Davis based on the amount of bail set in Plaintiff's criminal case. The setting of bail is a uniquely judicial function, and it is well settled that judges are entitled to immunity from liability resulting from such activities. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also* Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Therefore, Judge Davis is entitled to dismissal as a party Defendant.

### **Recommendation**

Based on the foregoing, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff may, of course, file a new case containing more specific allegations and naming proper party Defendants, if he chooses to do so. He can obtain proper forms for the filing of federal civil rights actions from the



Clerk of Court.

    Plaintiff's attention is directed to the important notice on the next page.

                                            Respectfully submitted,

                                            Bristow Marchant
                                            United States Magistrate Judge

November 29, 2005
Columbia, South Carolina



### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
